**In re BENNETT PAPER CORPORATION, Debtor.**

**Bankruptcy No. 85–00782(2).**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Dec. 13, 1985.

Meyer M. Kahn, St. Louis, Mo., Shea & Gould, New York City, for Petitioning Creditors.

Barry S. Schermer, Clayton, Mo., for debtor.

C. Felix Miller, Sr. Trial Atty., E.E.O.C., St. Louis, Mo., for E.E.O.C.

Steven Goldstein, St. Louis, Mo., for Bank of New England.

### MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### BACKGROUND

On May 3, 1985, an involuntary petition was filed against Bennett Paper Corporation. On May 2, 1984, the Equal Employment Opportunity Commission (the "Commission") filed a complaint against the Debtor in the United States District Court for the Eastern District of Missouri, Cause No. 84–1031–C(2). The complaint alleged that the Debtor had violated the Age Discrimination In Employment Act (ADEA), 29 U.S.C. § 621, *et. seq.*, specifically with respect to the rights of one Delores A. Hamilton. The Commission demanded a jury trial and prayed that the District Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, employees, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates because of age.

B. Order Defendant to institute and carry out policies, practices and affirmative action programs which provide equal employment opportunities for persons who are at least 40 years of age but less

than 70 years of age, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole those persons adversely affected by the unlawful employment practices described herein, by providing the affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Grant a judgment requiring defendant to pay appropriate back wages and an equal sum as liquidated damages, in amounts to be proved at trial, to persons adversely affected by the unlawful employment practices described herein, including but not limited to the following person: Delores A. Hamilton.

E. Order Defendant to make whole those persons adversely affected by the unlawful employment practices described herein, by providing appropriate back pay, with interest, in an amount to be proved at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F. Grant the Commission its costs in this action.

On or about October 11, 1984, the Debtor filed its Answer to the Commission's complaint. The Debtor did not contest either the jurisdiction of the district court to hear and decide the case or the right of the Commission to bring it. The Debtor also admitted that it was an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of ADEA, 29 U.S.C. §§ 630(b), (g), and (h). The Debtor, however, did deny that it had violated ADEA. The case is presently in the pre-trial stage, no further action having been taken pending the disposition of the case at bar.

On June 3, 1985, the Commission filed its Motion For Relief From Automatic Stay seeking this Court's declaration that its district court case against the Debtor is exempt from the automatic stay under 11 U.S.C. § 362(b)(4). On July 18, 1985, the Debtor filed its Response opposing the Commission's motion. Thereafter, both parties submitted briefs. For the reasons stated below, the Court will this date enter an order modifying the automatic stay.

DISCUSSION

The instant proceeding concerns a motion to terminate, annul, or modify the automatic stay. It is, therefore, a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G). Pursuant to 28 U.S.C. § 157(a), the district court through its Local Rule 29 has referred this proceeding to the undersigned Bankruptcy Judge for hearing and determination.

Section 362(a)(1) of the Bankruptcy Code provides that:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), operates as a stay applicable to all entities, of—

the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

This section, however, must be read with section 362(b)(4), which provides that:

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), does not operate as a stay—

under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

Simply put, the issue in this matter is whether the Commission's district court complaint is nothing more than an action to enforce its police or regulatory power, and,

thus, excepted from the stay under section 362(b)(4) of the Bankruptcy Code.

■ In the present context, the term "police or regulatory power" refers to the enforcement of laws affecting health, welfare, morals and safety. It does not refer to the enforcement of laws whose purpose is to protect a pecuniary interest in the debtor's property. *State of Mo. v. U.S. Bankruptcy Court*, 647 F.2d 768, 775–777 (8th Cir.1981). The Commission argues that in enforcing ADEA, it is merely exercising its police and regulatory power. It concludes, therefore, that the automatic stay does not apply to its complaint in the district court. On the other hand, the Debtor argues that the Commission's complaint manifests a pecuniary interest in the Debtor's property. The Debtor concludes, therefore, that further prosecution by the Commission of its complaint would be a violation of the automatic stay. There is some merit in each party's argument.

In enacting ADEA, Congress made the following statement of findings and purpose:

(a) The Congress hereby finds and declares that—

(1) in the face of rising productivity and affluence, older workers find themselves disadvantaged in their efforts to retain employment, and especially to regain employment when displaced from jobs;

(2) the setting of arbitrary age limits regardless of potential for job performance has become a common practice, and certain otherwise desirable practices may work to the disadvantage of older persons;

(3) the incidence of unemployment, especially long-term unemployment with resultant deterioration of skill, morale, and employer acceptability is, relative to the younger ages, high among older workers; their numbers are great and growing; and their employment problems grave;

(4) the existence in industries affecting commerce, of arbitrary discrimination in employment because of age, burdens commerce and the free flow of goods in commerce.

(b) It is therefore the purpose of this chapter to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; to help employers and workers find ways of meeting problems arising from the impact of age on employment.

29 U.S.C. § 621.

■ Congress effected its purpose by prohibiting age discrimination by employers, 29 U.S.C. § 623, and granting the Commission a variety of enforcement powers. 29 U.S.C. § 626(b). Given the Congressional findings and purpose, the prohibition against age discrimination, and the enforcement powers granted to the Commission, the Court concludes that ADEA is an act which relates to the health, welfare, morals, and safety of the people. That being the case, the Court further concludes that insofar as the Commission is seeking injunctive relief in its district court complaint, its action is one to enforce its Congressionally mandated police or regulatory power and that, accordingly, the stay does not apply. Specifically, the stay does not preclude the district court from entering the relief requested in sections A and B of the Commission's prayer. And, in the event that the district court concludes as to Delores A. Hamilton that a reinstatement order without back pay is warranted by the evidence, such an order also would not be precluded by the stay.

Insofar as the Commission is seeking to make whole all persons adversely affected by the Debtor's employment practices, to obtain a judgment for back pay, liquidated damages, interest or costs, the Court concludes that the Commission's action is one to protect a pecuniary interest in the Debtor's property. In effect, the Commission here is acting as little more than a surrogate to enforce contract, tort, or wage claims against the Debtor. *See,* 29 U.S.C. § 626(c) (employee's right to enforce ADEA ceases upon Commission's commencing action to enforce employee's

rights under ADEA). Such claims, however meritorious, cannot and should not be given preference over the claims of other creditors.[1] Thus, as to the relief requested by the Commission in sections C–F of its complaint, the stay does apply. *Compare, E.E.O.C. v. Rath Packing Co.,* 37 B.R. 614 (S.D.Iowa 1984) (E.E.O.C. proceedings against debtor up to entry of judgment fall within police powers exception to automatic stay.)

Even though the stay applies, the Commission does have a claim against the Debtor for back pay, liquidated damages, interest, and costs. The question remains, therefore, as to the appropriate forum which should liquidate that claim. Debtor cites *Matter of Page-Wilson Corp.,* 37 B.R. 527 (Bkrtcy.D.Conn.1984), for the proposition that this Court rather than the district court should make this determination. The cited case, however, was decided before the new jurisdictional requirements of the Bankruptcy Amendments and Federal Judgeship Act of 1984 took effect and can no longer be followed.

While under 28 U.S.C. § 157(b)(2)(B) the allowance or disallowance of a claim is a core proceeding which this Court may hear and determine, that section must be read with 28 U.S.C. § 157(d), which provides that:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court *shall,* on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of *both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.* (Emphasis added).

Given that ADEA is a law of the United States regulating organizations or activities affecting interstate commerce and that Debtor admits that it is an organization within the purview of ADEA, it follows that were the Commission to file a motion with the district court to withdraw from this Court the hearing of its claim, that motion would have to be granted.

While technically the Commission has not filed such a motion, it would be elevating form over substance not to construe the Commission's motion for relief as having the same effect. The Commission clearly wants its case tried in district court. Moreover judicial economy clearly favors the district court hearing and determining all issues with respect to the merits of the Commission's complaint. The Court, therefore, concludes that to the extent that the Commission's claim for back pay, liquidated damages, interest or costs needs to be liquidated, the district court and not this Court is the appropriate forum.

An Order consistent with this Opinion will be entered this date.

---

**1.** In the event the district court determines that Delores A. Hamilton is entitled to back pay, the amount determined by the district court to be back pay for the period within ninety (90) days before May 3, 1985 would be entitled to priority status under 11 U.S.C. § 507(a)(3).