**In re CACHE, INC., Debtor.**

**Bankruptcy No. 86–03518–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

March 12, 1987.

Robert A. Schatzman, Schantz, Schatzman, Aaronson & Berlin, P.A., and Richard I. Manas, Manas & Marcus, P.A., Miami, Fla., for debtor.

## ABSTENTION ORDER AS TO DETERMINATION OF DEBTOR'S LIABILITY WITH RESPECT TO TWO CLAIMS (MENDEZ-CRUZ AND VILLAVICENCIO)

THOMAS C. BRITTON, Chief Judge.

This debtor's chapter 11 plan has been confirmed. When it recently filed for bankruptcy, it was defending two pending actions by former employees, each claiming $500,000 compensatory and punitive damages.

■ The Mendez-Cruz claim is in the District Court for this District on a cause of action based upon alleged discrimination on account of age. The debtor has objected to this claim and wants this court to hear and decide the issue presently pending in the District Court. The creditor prefers the Article III tribunal and has requested abstention by this court. The debtor's only reason for preferring this court is its belief that it can obtain an earlier resolution here of this large claim.

I agree with the creditor. 28 U.S.C. § 157(d) requires mandatory abstention:

"if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

The debtor concedes that the statute upon which this creditor travels was enacted under the commerce clause; therefore, mandatory abstention is appropriate. *See In re Bennett Paper Corp.*, 63 B.R. 8, 12 (Bankr. E.Mo.1985).

■ If, however, this is not a situation appropriate for mandatory abstention, I elect to abstain under 28 U.S.C. § 1334(c)(1) upon the ground that the ultimate resolution of this major claim will, almost certainly, require District Court review by appeal of this court's summary determination. The District Court already has this matter pending before it and can decide this matter with greater finality and more rapidly if this court abstains than it could if it must await and exercise its appellate jurisdiction.

■ The Villavicencio claim is pending in the State court upon a cause of action entirely governed by State law. The debtor has objected to this claim and seeks summary resolution here of its liability. The creditor prefers the State court forum and has requested abstention.

■ I agree with the creditor. I believe that the creditor is entitled to mandatory abstention under 28 U.S.C. § 1334(c)(2). If, however, I am mistaken and this is not a matter which requires mandatory abstention, I elect to abstain under § 1334(c)(1). Most of the considerations which prompted a similar election by this court with respect to the preceding claim are equally applicable to this claim. Comity dictates that this matter be heard in the State court. It will almost certainly be decided by that court before it can be decided here and reviewed by the District Court.

■ This court's exercise of discretion with respect to abstention, although the applicable statute refers to the "district court" rather than the "bankruptcy court", is in reliance upon the general order of reference from the District Court to this court of July 11, 1984 which referred all cases and proceedings arising under Title 11 to this court for the purpose of exercising the statutory jurisdiction vested in the district court by the 1984 Bankruptcy Amendments and Federal Judgeship Act. This reference presumably included the exercise of the discretion to abstain.

■ With respect to each of these claims, the creditor has requested stay relief under 11 U.S.C. § 362(d). The request is granted and the automatic stay is modified to permit each creditor to proceed to the point of final decision fixing the debtor's liability, if any, for the claim and the amount of the claim. This court retains jurisdiction only for the purpose of determining the impact of the confirmed chapter 11 plan upon each of these claims. There-

fore, the automatic stay shall continue in effect to prohibit enforcement by the claimant of any judgment either claimant obtains, until further application by motion to this court.