Lynn MARTIN, Plaintiff,

v.

Perry FRIEDMAN, et al., Defendants.

No. 1:91CV0307.

United States District Court,
N.D. Ohio, E.D.

June 27, 1991.

---

Marcia Johnson, Lynne Buck, Asst. U.S. Attys., Cleveland, Ohio, Elliot D. Raff, U.S. Dept. of Labor, Office of the Solicitor, Washington, D.C., for plaintiff.

Kenneth B. Baker, Javitch, Block, Eisen & Rathbone, Cleveland, Ohio, for Perry Friedman.

Alexander Jurczenko, Agopian & Jurczenko, Cleveland, Ohio, for Jay Friedman.

Lester S. Potash, Potash & Podor, Cleveland, Ohio, for Erie Sheet Steel Corp. Profit Sharing Plan & Trust.

MEMORANDUM OF OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT JAY FRIEDMAN AND GRANTING PLAINTIFF'S MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING NO. 91–1189 FROM UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF OHIO

KRENZLER, District Judge.

This case is before this Court on plaintiff's motion to withdraw an adversary proceeding from the United States Bankruptcy Court pursuant to 28 U.S.C. § 157(d), and on plaintiff's motion for default judgment against defendant Jay Friedman. Oral argument was heard on these two motions on June 20, 1991.

This case is an action by the Secretary of the United States Department of Labor ("Secretary") against a corporation, its employee benefit plan, and two administrators and trustees of the plan. The complaint contends, *inter alia,* that the administrators and trustees violated their statutory and fiduciary duties under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"). Although defendant Jay Friedman received service of the summons and complaint in the present case on February 28, 1991, he did not file an answer, prompting the Secretary's motion for default judgment against him.

Approximately one month before the present case was filed, defendant Jay Friedman filed a petition in bankruptcy pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101, *et seq.* The bankruptcy proceeding is now pending before Judge Randolph Baxter of the United States Bankruptcy Court for the Northern District of Ohio, *In re Jay Friedman,* Case No. B91–10222. The Secretary has filed a proof of claim in the bankruptcy proceeding, as well as a complaint to determine the dischargeability of the debt claimed by the Secretary, *Martin v. Friedman,* Adversary Proceeding No. 91–1189. This complaint contains essentially the same allegations as are contained in the complaint in the

present case, with the additional request for a determination that the debt is not dischargeable under the Bankruptcy Code because Friedman's actions constitute defalcation. The Secretary has moved this Court to withdraw this proceeding from the Bankruptcy Court pursuant to 28 U.S.C. § 157(d).

### The Secretary's Motion for Default Judgment

■ Defendant Jay Friedman did not serve or file an answer or a motion under Fed.R.Civ.P. 12 within 20 days after service of the complaint upon him in the present case. He also filed no response to the Secretary's motion for default judgment. At oral argument on this motion, however, Friedman's counsel asserted that he was not required to answer the complaint because this action was automatically stayed by the bankruptcy proceeding under 11 U.S.C. § 362(a). In response, the Secretary argues that this action is not subject to the automatic stay because it is "an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power," and is consequently exempted by 11 U.S.C. § 362(b)(4).

"Not every action or proceeding by a governmental unit is excepted from the automatic stay" by operation of 11 U.S.C. § 362(b)(4). *N.L.R.B. v. Edward Cooper Painting Co.*, 804 F.2d 934, 941 (6th Cir. 1986). The Sixth Circuit has used two tests to determine to determine whether a governmental action was excepted from the automatic stay. *Id.; In re Commerce Oil Co.*, 847 F.2d 291, 295 (6th Cir.1988). First, "the pecuniary purpose test" asks whether the government primarily seeks to protect a pecuniary governmental interest in the debtor's property, as opposed to the protection of the public safety and health. The "public policy test," by contrast, asks whether the government is effectuating public policy or adjudicating private rights.

If the purpose of the suit is primarily pecuniary, or if essentially private rights are at issue, then the government's action is subject to the automatic stay.

The Secretary's action here is exempt from the automatic stay under either test. The government is claiming no pecuniary interest in Jay Friedman's property. Rather, the Secretary seeks to enforce Friedman's fiduciary duties to the employee benefit plan under ERISA, a manifestly public purpose.[1] The declared purpose of ERISA includes the following Congressional findings:

> The Congress finds ... that the continued well-being and security of millions of employees and their dependents are directly affected by these [employee benefit] plans; that they are affected with a national public interest; ... it is desirable in the interests of employees and their beneficiaries, and to provide for the general welfare and the free flow of commerce, that disclosure be made and safeguards be provided with respect to the establishment, operation and administration of such plans....

29 U.S.C. § 1001(a). Furthermore, the Secretary is not proceeding on behalf of private persons. The Secretary may obtain appropriate relief for violations of 29 U.S.C. §§ 1109 and 1025 (fiduciary duties and reporting requirements), independent of any private action by participants or beneficiaries or fiduciaries. 29 U.S.C. §§ 1132(a)(2) & (4). This is the type of regulatory action which Congress had in mind when it developed the exceptions to the automatic stay. *Donovan v. Porter*, 584 F.Supp. 202 (D.Md.1984).

■ The Secretary's action here is not subject to the automatic stay provided by 11 U.S.C. § 362(a). There was no valid reason for defendant Jay Friedman's failure to respond to the complaint in this case. *See N.L.R.B. v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 940 (6th Cir.1986).

---

1. Although the Secretary seeks a restitutionary money judgment as well as injunctive relief, the Court notes that 11 U.S.C. § 362(b)(5) stays the Secretary's *enforcement* of a money judgment, thus protecting the assets of the debtor in the bankruptcy proceeding. Consequently, the fact that money damages may be granted against Jay Friedman does not alter the Court's conclusion that this action is excepted from the automatic stay by 11 U.S.C. § 362(b)(4). *See N.L.R.B. v. Edward Cooper Painting*, 804 F.2d 934, 942–43 (6th Cir.1986).

However, in light of Friedman's defense of the adversary proceedings before the Bankruptcy Court, and in light of Friedman's explanation that he failed to defend this action only because he believed that it was stayed by the bankruptcy proceedings, this Court will exercise its discretion under Fed. R.Civ.P. 55 and deny the Secretary's request for default judgment against Jay Friedman and permit him to file a responsive pleading in this case.

### Secretary's Motion to Withdraw Adversary Proceedings

■ The Secretary also moves to withdraw the adversary proceedings presently pending before the Bankruptcy Court. The Secretary's motion is made pursuant to 28 U.S.C. § 157(d), which provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

By the terms of § 157(d), this Court must withdraw an adversary proceeding if it is clear that that action will require the consideration of federal laws regulating interstate commerce, in addition to title 11 of the Bankruptcy Code. This Court has discretion to withdraw any other proceeding from the Bankruptcy Court "for cause shown."

■ In this case, the factual allegations of the complaint before the Bankruptcy Court are virtually identical to those involved in the case presently before this Court. Resolution of the adversary proceeding will obviously require consideration of ERISA. ERISA is unquestionably a federal law "regulating organizations or activities affecting interstate commerce." *See* 29 U.S.C. § 1001(a). Therefore, by the terms of 28 U.S.C. § 157(d), this Court must withdraw the adversary proceedings

from the bankruptcy court. The Secretary's motion to withdraw is therefore granted.

### Conclusion

For the foregoing reasons, this Court denies the Secretary's motion for default judgment against defendant Jay Friedman. Defendant Jay Friedman shall file an answer to the complaint within 10 days from the date of this order. The Secretary's motion to withdraw adversary proceeding is granted. The reference of *Martin v. Friedman*, Adversary Proceeding No. 91–1189, now pending before Judge Randolph Baxter of the United States Bankruptcy Court for the Northern District of Ohio, is hereby withdrawn. That action shall be consolidated with the instant case as to all further proceedings.