Harold WITTES, Movant,

v.

INTERCO INCORPORATED,
Respondent.

No. 92 MISC 567.

United States District Court,
E.D. Missouri, E.D.

March 3, 1992.

Joel A. Poole, Thomas M. Franklin, Michael F. Flanagan, Polsinelli White Vardeman & Shalton, Chesterfield, Mo., Andrew L. Eisenberg, Nancy Yale Stout, Palmer & Dodge, Boston, Mass., for movant Harold Wittes.

Gregory D. Willard, Lloyd A. Palans, Leo J. Asaro, Carl J. Spector, Vicki L. Little, Bryan Cave McPheeters & McRoberts, St. Louis, Mo., for respondent Interco, Inc.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on the motion of Harold Wittes (Wittes) for mandatory withdrawal of reference to the bankruptcy court or in the alternative for a stay of proceedings in the bankruptcy court. The motions arise out of a claim filed by Wittes in the Chapter 11 reorganization proceeding involving Interco Incorporated (Interco) and 30 affiliated companies. The claim alleges violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (ADEA) and Massachusetts General Laws c. 151B. Interco filed an objection to Wittes' claim on November 4, 1991. Thereafter the bankruptcy court scheduled a hearing on the claim for April 1992. On December 27, 1991 Interco filed a motion in opposition to Wittes' request for mandatory withdrawal. On January 21, 1992 the bankruptcy court denied Wittes' motion for a stay of proceedings. Ten days later Wittes filed a reply memorandum in support of the motion for withdrawal of reference and a motion for stay of bankruptcy proceedings or in the alternative for expedited ruling.

Wittes seeks an order pursuant to 28 U.S.C. § 157(d) declaring that the bankruptcy court is without jurisdiction to hear his ADEA claim. Interco contends that the ADEA claim does not fall within the proscription of § 157(d).

■ Section 157(d) mandates withdrawal of reference to the bankruptcy court if the "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Because a literal reading of the statute "would eviscerate much of the work of the bankruptcy courts," it has been interpreted narrowly. *In re Adelphi Inst., Inc.*, 112 B.R. 534, 536 (S.D.N.Y. 1990). Narrow construction of the section requires the district court to "make an affirmative determination that resolution of the claims will require substantial and material consideration of non-Code statutes" before ordering withdrawal of reference. *In re White Motor Corp.*, 42 B.R. 693, 705 (D.Ohio 1984). The "substantial and material" consideration standard has been applied to exclude from mandatory withdrawal those cases involving the "straightforward application of a federal statute to a particular set of facts." *In re Johns–Manville Corp.*, 63 B.R. 600, 603 (S.D.N.Y.1986). Withdrawal is mandated only where the issues presented require "significant interpretation" of federal laws. *Id.*

■ Wittes contends that the defenses raised by Interco in opposition to his ADEA claim will require substantial and material consideration of the statute. The Court does not agree.[1] The substantive and procedural defenses Interco raises will require no more than "straightforward application" of the ADEA to the facts of Wittes' claim. *See In re Ionosphere Clubs, Inc.*, 103 B.R. 416, 418–19 (S.D.N.Y.1989). Similarly, the parties' dispute with respect to the damages suffered by Wittes does not warrant withdrawal. Noting that the Circuit Courts of Appeal employ varying definitions of "willfulness" under the ADEA, Wittes contends that the unsettled state of the law on this issue mandates withdrawal. The absence of unanimity among the circuits does not require withdrawal of reference in this case. Although various definitions of the term "willfulness" have been enunciated, the bankruptcy court need only choose among similar standards to resolve this issue and need not fashion its own standard. In the Court's view, such a task does not arise to the level of substantial and material consideration of the ADEA.[2]

Wittes asserts that he will be substantially prejudiced if he is forced to litigate his claim in the context of the bankruptcy proceeding in Missouri. Wittes resides in Massachusetts and contends that he is unable to afford to pay for himself, his witnesses and attorneys to attend a hearing in St. Louis. If withdrawal is ordered, he intends to file a motion to transfer the action to the United States District Court

1. Although two courts have opined that withdrawal of reference is mandated when the bankruptcy court is confronted with an ADEA claim the Court finds neither case persuasive in the circumstances presented here. In *In re Bennett Paper Corp.*, 63 B.R. 8 (Bankr.E.D.Mo.1985), the Court confronted the question of whether an ADEA *enforcement action* fell within the police power exception to the automatic stay. No party had filed a motion for withdrawal of reference, although the opinion included a comment about 28 U.S.C. § 157(d). In the second case, *In re Cache, Inc.*, 71 B.R. 851 (Bankr.S.D.Fla.1987), the court relied in part on the *Bennett Paper* decision in determining that mandatory abstention was required with respect to a claim under the ADEA. The court did not address the question of substantial and material consideration. To the extent that the aforementioned cases hold that withdrawal is mandated whenever the bankruptcy court is confronted with a claim under the ADEA, this Court respectfully disagrees with those holdings.

2. The ADEA affords the parties the right to a trial by jury but the memoranda on file with the Court do not indicate that a demand for jury trial has been made in this case. If such a demand has been made, the bankruptcy court will be without authority to conduct a jury trial in a non-core proceeding such as this. *See In re United Missouri Bank of Kansas City*, 901 F.2d 1449, 1453 (8th Cir.1990). However, pursuant to 28 U.S.C. § 157(c)(1), the potential requirement of a jury trial does not require withdrawal. *See In re Adelphi Inst., Inc.*, 112 B.R. at 538. The bankruptcy court may oversee pretrial matters and make proposed rulings on dispositive motions. *See id.* at 539.

for the District of Massachusetts where he asserts key witnesses are located. The Court is not without sympathy for Wittes' plight but concludes that Interco would suffer greater harm if the bankruptcy proceedings were stayed pending a resolution of Wittes' ADEA claim because such a delay would unnecessarily prolong the process of reorganization. On the basis of the foregoing, the Court concludes that withdrawal is not mandated here, because the resolution of Wittes' claim in the bankruptcy court will not involve substantial and material consideration of the ADEA or significant prejudice to the movant.

### ORDER

Pursuant to the memorandum filed on this date herein, IT IS HEREBY ORDERED that the motion of Harold Wittes for withdrawal of reference pursuant to 28 U.S.C. § 157(d) shall be and it is denied. IT IS FURTHER ORDERED that the motion of Harold Wittes for a stay of the bankruptcy court proceedings shall be and it is denied.