**Alexis M. HERMAN, Secretary of Labor, United States Department of Labor, Plaintiff,**

**v.**

**Daniel E. STETLER, III, Louis Allis Company Non–Union Employees 401(k) Savings Plan, and Louis Allis Company Union Employees 401(k) Savings Plan, Defendants.**

Civ.A. No. 99–C–0502.

United States District Court, E.D. Wisconsin.

Nov. 18, 1999.

Janet M. Graney, Senior Trial Attorney, U.S. Dept. of Labor, Office of Regional Solicitor, Chicago, IL, for plaintiff.

James D. Sweet & Catherine J. Furay, Murphy & Desmond, Madison, WI, John L. Kirtley, Godfrey & Kahn, Milwaukee, WI, for defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW ADVERSARY PROCEEDING FROM BANKRUPTCY COURT, REFERRING THE ACTION TO BANKRUPTCY JUDGE MARGARET DEE McGARITY, DENYING AS MOOT DEFENDANT'S MOTION TO STAY THE DISTRICT COURT PROCEEDING PENDING DETERMINATION BY THE BANKRUPTCY COURT, and DEFERRING DECISION OF PLAINTIFF'S MOTION TO APPOINT AN INDEPENDENT FIDUCIARY TO BANKRUPTCY JUDGE MARGARET DEE McGARITY**

REYNOLDS, District Judge.

Plaintiff Alexis M. Herman ("Herman") brings this action before the court pursuant to the Employee Retirement Insurance Savings Act ("ERISA"), 29 U.S.C. § 1001, et seq. Herman claims that defendant Daniel E. Stetler, III ("Stetler"), breached his fiduciary duty to defendants Louis Allis

Company Non–Union Employees 401(k) Savings Plan and Louis Allis Company Union Employees 401(k) Savings Plan (hereinafter collectively referred to as the "401(k) Plans.")[1]. The 401(k) Plans are named defendants as in their absence "complete relief cannot be accorded among those already parties." Fed.R.Civ.P. 19(a). Before the court is Herman's motion to withdraw adversary proceeding from the bankruptcy court to the district court which the court will deny.

## BACKGROUND

In 1994, Louis Allis Company ("LAC") established the 401(k) Plans for its union and non-union employees. LAC's employees made voluntary contributions to their respective 401(k) Plans through payroll withholdings. LAC made matching employer contributions to the 401(k) Plans as well. Stetler admits that the 401(k) Plans are qualified ERISA plans. (Def.'s July 30, 1999 Answer ¶ 1.)

From June 1994 to September 25, 1998, Stetler was the president of LAC and a member of the board of directors. Herman alleges that Stetler, as president, acted as a fiduciary for the 401(k) Plans. Herman further contends that Stetler placed union and non-union employee withholdings ear-marked for their respective funds into a general fund of LAC, thus breaching his fiduciary duty.[2]

On October 20, 1998, LAC filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On January 19, 1999, Stetler filed a voluntary petition under Chapter of the Bankruptcy Code. On May 10, 1999, Herman filed an adversary complaint in Bankruptcy Court for the Eastern District

of Wisconsin ("Bankruptcy Court") to establish the non-dischargeability of the debt owed to the 401(k) Plans by Stetler based upon Stetler's violations of ERISA.[3] On May 12, 1999, Herman filed her complaint in this action alleging similar facts and claims as in the adversarial complaint.

Before the court is Herman's motion to withdraw the adversary proceeding from the Bankruptcy Court, Herman's motion to appoint an independent fiduciary, and Stetler's motion to stay the district court proceeding pending determination of dischargeability of Herman's claim by the Bankruptcy Court. The court will deny Herman's motion to withdraw, defer to the Bankruptcy Court to determine Herman's motion to appoint, and deny Stetler's motion to stay as moot.

## DISCUSSION

A. *Withdrawal of Adversary Complaint*

The action before this court should not be confused with the adversary complaint before the Bankruptcy Court. Herman has brought similar claims upon the same set of facts in an adversary complaint filed against Stetler in Bankruptcy Court. Herman claims such symmetry requires the removal of the adversary complaint to this court. Such a removal would carve out the issues regarding the 401(k) Plans, leaving the other matters regarding Stetler's Chapter 7 filing in Bankruptcy Court.

Herman seeks a determination by this court that Stetler is personally liable for the debt owed to the 401(k) Plans. Herman contends that Stetler breached his fiduciary duty owed to the 410(k) Plans.

1. Specifically, Herman alleges that Stetler's breach of fiduciary violated §§ 404(a)(1)(A), 406(a)(1)(B), (a)(1)(D), (b)(1), (2) of ERISA, 29 U.S.C. § 1104(a)(1)(A), § 1106(a)(1)(B), (D), and (b)(1), (2).

2. Herman alleges that Stetler was responsible for the misuse of union and non-union employee withholdings from the payroll period

ending from June 28, 1998 to the payroll period ending October 4, 1998. Stetler claims that his liability, if any, should end on September 25, 1998 which was the last day Stetler was president of LAC.

3. Stetler's voluntary Chapter 7 filing is Bankruptcy Petition # 99–20445.

As the 401(k) Plans are ERISA-qualified plans, Herman must show that Stetler violated ERISA's provision regarding fiduciary duties.[4] Should a breach of fiduciary duty be found, then ERISA provides for personal liability.[5] Herman acknowledges that collection for the judgment must be sought in the Bankruptcy Court. (Pl.'s Sept. 13, 1999 Resp. to Stetler's Mot. to Stay at 14.)

In this district, bankruptcy matters are automatically referred to a Bankruptcy Court, but the district court retains jurisdiction over the actions. See 28 U.S.C. §§ 157(a), 1334(b). Certain circumstances may require the mandatory withdrawal of an action to the district court or allow for the permissive withdrawal of an action to the district court.

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). The court will first examine if mandatory withdrawal is required in this case and if not, whether permissive withdrawal is warranted. For both issues, the court is guided by *In the Matter of Vicars Ins. Agency, Inc.,* 96 F.3d 949 (7th Cir.1996).

### 1. *Mandatory Withdrawal of the Adversary Complaint*

■■■ The second sentence of § 157(d) requires the district court to withdraw a proceeding from bankruptcy court if non-bankruptcy federal law is also at issue. In this case, Herman suggests that withdrawal is required because the court must determine whether: 1) the 401(k) Plans were covered under ERISA; 2) Stetler was a fiduciary of the 401(k) Plans as construed under ERISA; and 3) Stetler breached his fiduciary duty owed to the 401(k) Plans under ERISA. However, the mere presence of ERISA issues does not require the mandatory withdrawal of the action to the

---

4. Herman contends that Stetler's acts violate three sections of ERISA.

> [A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—
>> (A) for the exclusive purpose of:
>>> (I) providing benefits to participants and their beneficiaries; and
>>> (ii) defraying reasonable expenses of administering the plan....

29 U.S.C. § 1104(a)(1)(A).

Section 1106 enumerates the transactions fiduciaries are prohibited from making. Herman alleges that Stetler unlawfully caused the "lending of money or other extension of credit between the plan and a party in interest," 29 U.S.C. § 1106(a)(1)(B), and the "transfer to, or use by or for the benefit of, a party in interest," 29 U.S.C. § 1106(a)(1)(D).

Finally, Herman alleges that Stetler unlawfully made transactions between the 401(k) Plans and a fiduciary, Stetler.

> A fiduciary with respect to a plan shall not—
>> (1) deal with the assets of the plan in his own interest or for his own account,
>> (2) in his individual or in any other capacity act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries....

29 U.S.C. § 1106(b)(1), (2).

5. Section 1109 states:

> (a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this Act.

29 U.S.C. § 1109.

district court. Rather, the majority of the courts have overwhelmingly applied a "substantial and material consideration" test to determine the propriety of mandatory withdrawal.

> [M]andatory withdrawal is required only when those issues require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law. The legal questions involved need not be of "cosmic proportions" ... but must involve more than mere application of existing law to new facts.

*In the Matter of Vicars Ins. Agency, Inc.,* 96 F.3d, 949, 954 (7th Cir.1996) (citation omitted). The moving party bears the burden of showing that the "substantial and material consideration" test has been satisfied. *Id.* at 953.

In this case, Herman fails to satisfy her burden. Herman fails to recognize that the Seventh Circuit has rejected *Martin*'s literal test and adopted the "substantial and material consideration" test. Herman solely relies upon the literal interpretation test articulated in *Martin v. Friedman,* 133 B.R. 609 (N.D.Ohio 1991) ("this Court must withdraw an adversary proceeding if it is clear that that action will require the consideration of federal laws") and fails to cite post-*Vicars* cases that required mandatory withdrawal for issues similar to those in the instant action. Thus, the court is unpersuaded that mandatory withdrawal is necessary in this action.

Finally, case law is rich with precedent that can effectively guide the bankruptcy court in determining the ERISA issues in the instant action. *See Herdrich v. Pegram,* 154 F.3d 362 (7th Cir.1998) (discussion of ERISA's definition of fiduciary and

breach of fiduciary duty). The court has every confidence in the Bankruptcy Court's abilities to effectively read and apply this case law.

### 2. *Permissive Withdrawal of the Adversary Complaint*

▆ Permissive withdrawal of part of a bankruptcy action is allowed under 28 U.S.C. § 157(d). The Seventh Circuit has not formulated a test to determine the appropriateness of permissive withdrawal; however,

> case law from this Circuit suggests that the following factors may be considered: judicial economy, promotion of uniformity and efficiency in bankruptcy administration, reduction of forum shopping, delay and costs to the parties, the particular court's familiarity with the case, and whether the adversary proceeding is core or non-core.

*In re Coe–Truman Technologies, Inc.,* 214 B.R. 183, 187 (N.D.Ill.1997) (citations omitted).

In this case, the factors lead the court away from permissive withdrawal. First, Herman's adversary complaint centers on the issue of non-dischargeability of a debt, a core issue of the bankruptcy code that is most effectively adjudicated by the Bankruptcy Court. Also, Stetler has indicated to the court that UMB Bank, the trustee of the 401(k) Plans, also filed an adversary complaint against Stetler on April 23, 1999, Stetler contends that UMB Bank's adversary complaint for a finding of non-dischargeability arises from similar facts as Herman's adversary complaint. Stetler has also filed a motion to consolidate UMB Bank's and Herman's adversary complaints.[6] Thus, for efficient judicial administration, the Bankruptcy Court should handle all the adversary complaints stem-

---

**6.** Stetler avers that the Bankruptcy Court has not yet ruled on Stetler's motion to consolidate date.

ming from common facts. Therefore, the court will not elect to withdraw Herman's adversary complaint.

## B. *Referral to the Bankruptcy Court*

■ Herman has indicated her intention to continue the adjudication of the district court complaint even though the court denies her motion to withdraw her adversary complaint from Bankruptcy Court. For the reasons stated above, the court is unwilling to proceed with bifurcated proceedings. Thus, the court will refer this action to the Bankruptcy Court, pursuant to 28 U.S.C. § 157(c)(1).

A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

The advantages to this approach are threefold.

[T]he parties retain the opportunity to be heard by and obtain a final judgment from and Article III judge. At the same time, the parties enjoy the benefit of having a judge who is most familiar with all aspects of the bankruptcy and who enjoys expertise in questions of bankruptcy law ... hear the withdrawn matter in the first instance ... thereby minimizing the potential for disruption of the bankruptcy proceedings which otherwise attends recall of one segment of those proceedings pursuant to § 157(d).

*In the Matter of Lissner Corp.,* 115 B.R. 604, 613 (N.D.Ill.1990).

Therefore, in light of the court's decision to refer this action to the Bankruptcy Court, the court will defer to the Bankruptcy Court to determine Herman's motion to appoint an independent fiduciary. The court will also deny Stetler's motion to stay the district court proceeding pending determination of dischargeability of Herman's claim by the Bankruptcy Court as moot.

## CONCLUSION

Plaintiff Alexis M. Herman's motion to withdraw adversary complaint from the bankruptcy court to the district court is **DENIED.**

The court **REFERS** this action to Bankruptcy Judge Margaret Dee McGarity, pursuant to 28 U.S.C. § 157(c)(1).

The court **DENIES** as **MOOT** defendant Daniel E. Stetler, III's motion to stay the district court proceeding pending determination of dischargeability of plaintiff Alexis Herman's claim by the Bankruptcy Court.

The court shall forward the file for this action to the clerk of the court who will submit the file to the Bankruptcy Court for processing.

The court **DEFERS** to Bankruptcy Judge Margaret Dee McGarity for determination of plaintiff Alexis M. Herman's motion to appoint an independent fiduciary.