In re MANHATTAN INVESTMENT FUND LTD., et al., Debtors.

Helen Gredd, Chapter 11 Trustee for Manhattan Investment Fund Ltd., Plaintiff,

v.

Bear, Stearns Securities Corp., Defendant.

Bankruptcy Nos. 00–10921BRL, 00–10922BRL.

Adversary No. 01–02606

No. 06 Civ.1996(NRB).

United States District Court, S.D. New York.

May 31, 2006.

Daniel E. Reynolds, Lankler Siffert & Wohl LLP, New York, NY, for plaintiff.

Harry Simeon Davis, Schulte Roth & Zabel LLP (NY), New York, NY, for defendant.

## MEMORANDUM AND ORDER

BUCHWALD, District Judge.

Defendant Bear, Stearns Securities Corp. ("Bear Stearns" or "defendant") moves for an order pursuant to 28 U.S.C. § 157(d) withdrawing the above-captioned adversary proceeding from the United States Bankruptcy Court for the Southern District of New York. Plaintiff Helen Gredd ("Gredd" or the "trustee"), the Chapter 11 Trustee for the Manhattan Investment Fund ("the Fund"), opposes the motion. For the reasons that follow, defendant's motion is denied.

*BACKGROUND*

This is the fourth opinion this Court has issued in this case. *See Bear, Stearns Sec. Corp. v. Gredd,* 01 Civ. 4379(NRB), 2001 WL 840187 (S.D.N.Y. July 25, 2001) (granting first motion to withdraw reference for Counts II and III of the complaint) (*"Gredd I"*); *Bear, Stearns Sec. Corp. v. Gredd,* 275 B.R. 190 (S.D.N.Y. 2002) (granting defendant's motion to dismiss Counts II and III) (*"Gredd II"*); *In re Manhattan Investment Fund Ltd.,* 288 B.R. 52 (denying defendant's motion for interlocutory appeal of Bankruptcy Court decision denying motion to dismiss Counts I and IV) (*"Gredd III"*). The Bankruptcy Court has also issued an opinion in this matter, denying defendant's motion to dismiss Counts I and IV, which are the counts defendant now seeks to have adjudicated before this Court. *See In re Manhattan Investment Fund Ltd.,* 310 B.R. 500 (Bankr.S.D.N.Y.2002). Moreover, several other Southern District Judges have issued a total of twelve opinions and orders in civil and criminal cases arising out of the same underlying facts. Consequently, we assume familiarity with the facts, and provide only a brief overview of the relevant procedural history below.

This action arises out of a Ponzi scheme engineered by Michael Berger, the Fund's manager, who sought to cover losses from ill-advised short sales of technology stocks with deposits made by new investors. The results were disastrous; the Fund hemorrhaged hundreds of millions of dollars and Mr. Berger was criminally prosecuted, pleading guilty to securities fraud.[1] The instant matter involves the Fund trustee's efforts to avoid certain transfers she alleges to be fraudulent.

In *Gredd I,* we granted Bear Stearns' motion to withdraw the reference for

---

1. Mr. Berger failed to appear for his sentencing and remains a fugitive.

Counts II and III of the complaint for the limited purpose of determining "whether the proceeds generated from short sales of stock, and the securities later purchased to cover those short sales, constituted 'interest[s] of the debtor in property' within the meaning of 11 U.S.C. § 548(a)(1)(A)." *Gredd II*, 275 B.R. at 191. Before ruling, we considered and rejected Bear Stearns' proposal to withdraw the entire reference, determining that a partial withdrawal best served the interests of judicial efficiency. *See, e.g.,* Aff. of Daniel E. Reynolds, Ex. 33 (Daniel J. Kramer Letter dated 7/12/02 arguing for full withdrawal). Subsequently, in *Gredd II*, we dismissed Counts II and III, remanding Counts I and IV to the Bankruptcy Court. *See Gredd II*, 275 B.R. at 199. After the Bankruptcy Court denied its motion to dismiss Counts I and IV, Bear Stearns moved pursuant to 28 U.S.C. § 158(a)(3) and Fed. R. Bankr.P. 8001(b) and 8003 for leave to appeal the Bankruptcy Court's decision. In *Gredd III*, we denied that motion.

Count I seeks to avoid allegedly fraudulent transfers of margin payments made by the Fund to Bear Stearns. Count IV alleges that, to the extent to which the trustee is successful in this case, any claims made or liens asserted by Bear Stearns in the Chapter 11 bankruptcy proceeding should be subordinated to all other claims pursuant to 11 U.S.C. §§ 105 and 510(c). Two days after the close of discovery in the Bankruptcy Court, Bear Stearns again moved this Court to withdraw the reference for Counts I and IV pursuant to 28 U.S.C. § 157(d), asserting that, "[n]ow that discovery is complete, it is now clear that Counts I and IV now require substantial and material consideration of federal securities law." Def. Mem. of Law at 1.[2] The trustee opposes the motion on three grounds: first, that the motion is barred by the law of the case doctrine; second, that it is untimely; and third, that Bear Stearns has failed to meet the statutory standard for mandatory withdrawal. We now find that each of the first two grounds provides an independent basis to deny the motion, and accordingly remand the case to the Bankruptcy Court for resolution of Bear Stearns' motion for summary judgment.

## DISCUSSION

### I. Standard for Mandatory Withdrawal under 28 U.S.C. § 157(d)

As we explained in *Gredd I*, despite the broad language of § 157(d), which if read literally "could result in a broad escape hatch through which most bankruptcy matters [could] be removed to a district court," *In re Combustion Equip. Assocs.*, 67 B.R. 709, 711 (S.D.N.Y.1986) (internal quotation and citation omitted), courts have narrowly construed the mandatory withdrawal provision to apply only in cases "where substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding." *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir.1990) (citing *In re White Motor Corp.*, 42 B.R. 693, 700 (N.D.Ohio 1984)). Consideration

---

**2.** Specifically, Bear Stearns contends that determining who can be considered a "transferee" under § 550(a) of the Bankruptcy Code requires consideration of federal regulations governing "margin transactions and broker utilization of customer funds." *Levitin v. PaineWebber*, 159 F.3d 698, 705 (2d Cir.1998). As an example of a federal regulation implicated by Count I, Bear Stearns points to SEC Rule 15c3–3(e)(2), which it claims to "specifically prohibit[ ] broker-dealers from using customer funds ... for the broker-dealer's own propriety [sic] purposes or for any other non-customer transactions." Def. Mem. of Law at 4. Because we have determined that withdrawal is inappropriate, we do not consider the substance of Bear Stearns' arguments here.

is "substantial and material" when the case requires the bankruptcy judge to make a "significant interpretation, as opposed to simple application, of federal non-bankruptcy statutes." *In re CIS Corp.,* 172 B.R. 748, 753 (S.D.N.Y.1994); *see also City of New York v. Exxon Corp.,* 932 F.2d 1020, 1026 (2nd Cir.1991) (citations omitted); *In re Revere Copper & Brass Inc.,* 172 B.R. 192, 196 (S.D.N.Y.1994); *In re Adelphi Inst., Inc.,* 112 B.R. 534, 536 (S.D.N.Y.1990). Moreover, "where matters of first impression are concerned, the burden of establishing a right to mandatory withdrawal is more easily met." *Mishkin v. Ageloff,* 220 B.R. 784, 796 (S.D.N.Y. 1998) (citing *In re Keene Corp.,* 182 B.R. 379, 382 (S.D.N.Y.1995) and *In re Ionosphere Clubs,* 103 B.R. 416, 419–20 (S.D.N.Y.1989)).

## II. Analysis

### A. The Law of the Case Doctrine

The law of the case is a discretionary doctrine, providing "that where a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California,* 460 U.S. 605, 618–19, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983). While the law of the case is "a discretionary doctrine which does not constitute a limitation on the court's power but merely expresses the general practice of refusing to reopen what has been decided," *Brody v. Village of Port Chester,* 345 F.3d 103, 110 (2d Cir. 2003) (citations and internal quotations omitted), nonetheless, the situations justifying reconsideration are generally limited to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Doe v. New York City Dep't of Soc. Svcs.,* 709 F.2d 782, 789 (2d Cir.1983) (quoting 18B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478, at 790 (1981) (footnote omitted) (additional citations omitted)). Bear Stearns argues that the doctrine is inapplicable here. We disagree.

Bear Stearns suggests that because it "did not make the arguments submitted to the Court here in [its] earlier motions, and the Court did not reject those arguments," the doctrine does not apply. While it is accurate that the decision in *Gredd I* did not address the arguments now raised by Bear Stearns, it is also the case that Bear Stearns sought to withdraw the entire proceeding at that time, a proposal this Court rejected in favor of a partial withdrawal relating only to the securities law issues raised by Counts II and III. At oral argument during *Gredd I,* counsel for Bear Stearns urged the Court to withdraw the entire proceeding, arguing that "Count 1 . . . relates to margin payments, which is, of course, part of the federal securities scheme. It's not a stretch to take the whole case. It all involves the securities industry." Tr. of Oral Arg. at 21. Ultimately, we decided that only Counts II and III raised issues requiring "substantial and material" consideration of the securities laws, and only adjudicated those two counts, remanding Counts I and IV to the Bankruptcy Court. The law of the case doctrine is thus clearly applicable, as this Court has already issued a ruling in which it declined to withdraw the reference for Counts I and IV. Moreover, this is a particularly suitable occasion for application of the doctrine, as it comports with the basic principle that parties must raise their arguments at the first opportunity or waive them. In 2001, the Court held oral argument on the first motion to withdraw the reference, at which point Bear Stearns was permitted to, and did, argue for withdrawal of the entire reference. Were we now to entertain a

motion to withdraw Counts I and IV, we would be permitting re-litigation of an issue already decided in the absence of an intervening change in the law or facts that would provide a "cogent" or "compelling" reason for this Court to do so.

## B. Timeliness

 Even if the instant motion were not barred by the law of the case doctrine, it would nonetheless be rejected for untimeliness. By its plain language, 28 U.S.C. § 157(d) requires that motions to withdraw be "timely." Thus, even if we were to accept that Bear Stearns is now raising new arguments, Bear Stearns would have to satisfactorily explain why it has waited almost five years to argue for withdrawal of Counts I and IV. Bear Stearns' suggestion that "the Trustee likely would have protested" if Bear Stearns had made its motion during discovery, rather than at its conclusion, does not excuse its extraordinary delay. *See, e.g., In re FMI Forwarding Co., Inc.,* 01 Civ. 9462(DAB), 2005 WL 147298 at *6 (S.D.N.Y. Jan. 24, 2005) (noting that "courts in the Circuit have defined 'timely' to mean as soon as possible after the moving party has notice of the grounds for withdrawing the reference") (internal citation and quotations omitted). In fact, courts in this district have held that a delay of several months in making a motion to withdraw a reference to the Bankruptcy Court may be untimely. *See, e.g., Connolly v. Bidermann Indus. U.S.A., Inc.,* 05 Civ. 1791(RPP), 1996 WL 325575 at *3 (S.D.N.Y. June 13, 1996) (nine month delay renders motion untimely); *In re New York Trap Rock Corp.,* 158 B.R. 574, 577 (S.D.N.Y.1993) (three month delay). We thus find that untimeliness provides an alternative basis to reject Bear Stearns' motion.

## CONCLUSION

For the reasons stated above, Bear Stearns' second motion to withdraw the reference is denied. The case is hereby remanded to the Bankruptcy Court for further proceedings.

**SO ORDERED.**