In re Eunice ANDERSON, Debtor.

Eunice Anderson, Plaintiff,

v.

Countrywide Home Loans, Inc., Defendant.

Bankruptcy No. 06–47513.
Adversary No. 08–04436.
Civil Action No. 08–CV–13136.

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 22, 2008.

Christopher M. Carey, Gary B. Boren, Dearborn, MI, for Debtor.

### OPINION AND ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE

BERNARD A. FRIEDMAN, Chief Judge.

This matter is presently before the court on the motion of defendant Countrywide Home Loans, Inc. ("Countrywide") to withdraw the reference [docket entry 15 in Adversary Proceeding 08–04436; docket entry 1 in the 08–CV–13136 matter]. Plaintiff/debtor Eunice Anderson ("Anderson") has filed a response in opposition. Countrywide has not replied.

The underlying Chapter 13 petition was filed in June 2006. The Chapter 13 plan, which was confirmed in September 2006, requires Anderson to make biweekly payments over a 36–month period in order to satisfy claims of two secured creditors, one of which is Countrywide which is servicing Anderson's mortgage loan. In the adversary proceeding, filed in April 2008, Anderson alleges that Countrywide "has engaged in a scheme of unlawfully restructuring or otherwise assessing improper and illegal charges against Plaintiff's and the Class Members' residential mortgages during the pendency of their Chapter 13 bankruptcy cases in violation of the United States Bankruptcy Code ..." First Amended Class Action Complaint ¶ 2. Plaintiff alleges that Countrywide "would ignore the pendency of Chapter 13 proceedings and proceed to improperly seek collection of debt and service residential loans, including arbitrarily demanding payment and directing or accumulating principal, interest, or arrearage payments to reserve account deficits accruing prior to the plan completion without Court authority during the administration of the bankruptcy proceedings." *Id.* ¶ 11. Plaintiff also alleges that the proof of claim filed by Countrywide in this matter, as well as its pleadings and motion papers, misstate the amount of its claim and fail to give plaintiff full credit for her past payments; that Countrywide handles the trustee's payments in a manner inconsistent with the plan; and that Countrywide has "assessed unauthorized post-petition fees, costs, and

other charges" which were not included in its claim and which are in violation of the plan. *Id.* ¶¶ 12, 13, 15, 16, 18, 19. Plaintiff asserts claims for willful violation of automatic stay (Count I); violation of confirmed plan (Count II); violation of discharge provisions (Count III); and false proof of claim (Count IV). For relief plaintiff seeks a declaration that Countrywide's practices violate various provisions of the Bankruptcy Code, an injunction prohibiting future violations, and costs and attorney fees.

Countrywide seeks withdrawal of the reference pursuant to 28 U.S.C. § 157(d), which states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Countrywide argues that withdrawal is required because "this case necessarily implicates other federal laws regulating organizations or activities affecting interstate commerce—the Home Owners' Loan Act ('HOLA'), 12 U.S.C. § 1461, *et seq.,* and the Real Estate Settlement Procedures Act ('RESPA'), 12 U.S.C. § 2601, *et seq.*" Countrywide's Br. at 4. Additionally, Countrywide argues that even if withdrawal is not required, the court nonetheless should exercise its discretion to withdraw the reference essentially for reasons of efficiency and judicial economy. Plaintiff opposes the motion on the grounds that withdrawal is not required because resolution of the case will not depend on the "substantial and material"

consideration of HOLA or RESPA; and that discretionary withdrawal is not warranted because the bankruptcy court is well suited to handle the pretrial proceedings in this case and the reference should be withdrawn only if the case goes to trial.

The standards to be applied in deciding a motion for mandatory withdrawal of the reference were discussed in *In re Holman,* 325 B.R. 569, 572–73 (E.D.Ky. 2005), where the court stated:

> Under 28 U.S.C. § 157(d), a district court may withdraw any core or noncore proceeding referred to the bankruptcy court. If the resolution of the matter requires consideration of nonbankruptcy federal statutes regulating organizations or activities affecting interstate commerce, then withdrawal is mandated.... The burden of demonstrating withdrawal is on the movant. *See In the Matter of Vicars Ins. Agency, Inc.,* 96 F.3d 949, 955 (7th Cir.1996).

Both parties agree that if this Court was to resolve the Secretary's adversary proceeding, the Court will have to determine whether Debtor acted as a fiduciary for purposes of ERISA and whether Debtor violated that fiduciary duty. According to *In re Kiefer,* 276 B.R. 196 (E.D.Mich.2002), the existence of these disputed issues would appear to settle the question of whether consideration of federal laws outside the Bankruptcy Code is required. *Id.* at 199. However, Debtor argues for a stricter interpretation, akin to the interpretation by the court in *Herman v. Stetler,* 241 B.R. 206 (E.D.Wis.1999). In *Herman,* the district court found that Section 157(d) mandates withdrawal of the reference only where resolution of the claims will require "substantial and material" consideration of federal laws outside the Bankruptcy Code.

The Sixth Circuit has not stated whether Section 157(d) requires mere consideration or a substantial and material consideration of non-Code statutes. Districts in the Sixth Circuit have been split as to which test is appropriate. First, at least two districts in Ohio and one in Michigan have followed the majority rule and adopted the "substantial and material" test. In *In re White Motor Corp.*, 42 B.R. 693 (N.D.Ohio 1984), the Northern District of Ohio concluded that § 157(d) requires a substantial and material consideration of non-Code statutes. *See also Holland v. LTV Steel Company, Inc.*, 288 B.R. 770 (N.D.Ohio 2002); *In re Federated Department Stores, Inc.*, 189 B.R. 142 (S.D.Ohio 1995); *In re Auto Specialties Mfg. Co.*, 134 B.R. 227, 228 (W.D.Mich.1990); *In re Baldwin–United Corp.*, 57 B.R. 751, 757–58 (S.D.Ohio 1985). The district court found that "any reading of § 157(d) which limits bankruptcy court jurisdiction to questions arising solely under the Code would strip the court of much of its authority to resolve debtor-creditor disputes, since numerous Code provisions themselves require reference to other state and federal law." *Id.* at 703. The Court concluded that § 157(d) "must therefore be read to require withdrawal not simply whenever non-Code federal statutes will be considered but rather only when such consideration is necessary for the resolution of a case or proceeding." *Id.* at 703. *See also In re Ionosphere Clubs, Inc.*, 922 F.2d 984 (2d Cir.1990), *cert. denied*, 502 U.S. 808, 112 S.Ct. 50, 116 L.Ed.2d 28 (1991) (adopting the "substantial and material" test); *In re Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949 (7th Cir.1996).

On the other hand, two other courts in this circuit have concluded that the literal approach to Section 157(d) is the correct test. Relying on *Martin v. Friedman*, 133 B.R. 609 (N.D.Ohio 1991), the Eastern District of Michigan rejected the "substantial and material consideration" test. *See In re Kiefer*, 276 B.R. 196 (E.D.Mich.2002). In *Kiefer*, the Court noted that the parties had agreed that resolution of the proceedings required consideration of federal laws outside of Title 11 insofar as a court must determine whether the defendant violated a fiduciary duty under ERISA. The Court noted that neither the Bankruptcy Code's structure nor legislative history weighed in favor of the "substantial and material consideration" test. In *Kiefer*, the Court found that a broader reading of § 157(d) would not unduly deprive bankruptcy courts of jurisdiction, nor would such a reading render superfluous the other Code provisions that contemplate bankruptcy courts' application of federal statutes outside the Code. The Court also found that the text of the provision is not ambiguous and that legislative history does not support a narrow reading of the section. *Id. See also In re U.S. Airways Group, Inc.*, 296 B.R. 673 (E.D.Va.2003) (finding that the "substantial and material" test begs the question, leaving unanswered what is "substantial and material" consideration; is not warranted by the text of the statute; and has not led to consistent application of the mandatory withdrawal requirement).

Since there is no controlling Sixth Circuit precedent construing § 157(d), the Court will follow the majority approach. At least three other districts in this Circuit have adopted the "substantial and material" consideration test. Although the Eastern District of Michigan has rejected this test, since the majority of jurisdictions within this Circuit, and elsewhere, have adopted the substantial and material consideration test, this

Court will also adopt the substantial and material consideration test.

(Footnote omitted.) "The 'substantial and material' consideration standard has been applied to exclude from mandatory withdrawal those cases involving the 'straightforward application of a federal statute to a particular set of facts.' *In re Johns–Manville Corp.*, 63 B.R. 600, 603 (S.D.N.Y. 1986). Withdrawal is mandated only where the issues presented require 'significant interpretation' of federal laws. *Id.*" *Wittes v. Interco Inc.*, 137 B.R. 328, 329 (E.D.Mo.1992). *See also Alfonseca–Baez v. Doral Financial Corp.*, 376 B.R. 70, 73 (D.P.R.2007) (noting that courts "overwhelmingly" construe § 157(d) narrowly and that "the mere presence of a non-title 11 issue, even if it is outcome-determinative, does not require mandatory withdrawal"; rather, withdrawal is required only if the non-code issues "dominate the bankruptcy issues"); *In re Manhattan Invest. Fund Ltd.*, 343 B.R. 63, 66–67 (S.D.N.Y.2006) ("courts have narrowly construed the mandatory withdrawal provision.... Consideration is 'substantial and material' when the case requires the bankruptcy judge to make a 'significant interpretation, as opposed to simple application, of federal non-bankruptcy statutes' ").

■ With these standards in mind, the court is not persuaded that the resolution of plaintiff's claims will require the substantial and material consideration of HOLA or RESPA. The claims themselves sound purely in bankruptcy law. As noted, plaintiff alleges that Countrywide has violated the automatic stay, violated the confirmed Chapter 13 plan, violated her rights under the discharge statutes, and failed to file an accurate proof of claim. The relief plaintiff seeks is that the court make a declaration regarding her rights and enjoin Countrywide from committing such violations in the future. The mere fact that HOLA and/or RESPA may be "implicated" (Countrywide's word) does not suffice to require withdrawal of the reference. At most, Countrywide has shown only that these statutes may have some relevance in evaluating the legitimacy of Countrywide's accounting methods and its inclusion or exclusion of certain items from its claim. Clearly, Countrywide has not demonstrated that the bankruptcy court will be required make a "significant interpretation" of these statutes, or that it will have to do anything more than apply established law to the facts of this particular case. The court notes that Countrywide's 20–page motion to dismiss the complaint [docket entry 27 in the adversary proceeding] makes no mention of HOLA or RESPA whatsoever but argues bankruptcy law in great detail.

■ Nor is the court persuaded that it should exercise its discretion to withdraw the reference. To state the obvious, the bankruptcy court exists to handle bankruptcy matters. It has special expertise in this area of the law, and cases within this area of expertise should not be withdrawn without good cause. Countrywide has not shown good cause in this case. Plaintiff's claims are all "core" bankruptcy matters; in her amended complaint plaintiff has eliminated all of her state-law claims. Countrywide's "efficiency" arguments are also unconvincing. These arguments are based entirely on Countrywide's speculation as to how the bankruptcy court may deal with the class certification issues. While the court agrees that judicial economy is an appropriate consideration in deciding a motion for discretionary withdrawal, the court believes judicial economy is better served by allowing the bankruptcy court, which is already familiar with this case and has special expertise in bankruptcy law and

procedure, to handle all of the pretrial proceedings.

For these reasons, the court concludes that withdrawal of the reference is neither required or advisable as a matter of discretion. Accordingly,

IT IS ORDERED that Countrywide's motion to withdraw the reference is denied.