**In re Guy B. WEBB, Connie J. Webb, Debtors.**

**Donald M. ROBINER, United States Trustee, Plaintiff,**

v.

**HOME OWNERS RESCUE SERVICE, et al., Defendants.**

**Bankruptcy No. 98–30050.
Adversary No. 98–3198.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Nov. 13, 1998.

---

**496**

Linda M. Battisti, Columbus, Ohio, for Plaintiff.

Larry G. Crowell, Englewood, Ohio, for Defendant Monte Whiteted.

James M. Schottenstein, Columbus, Ohio, for Defendants Home Owners Rescue Service and HRS Holding Corp.

Harold Jarnicki, Lebanon, Ohio, for Debtors.

George Ledford, Englewood, Ohio, Chapter 13 Trustee.

## DECISION AND ORDER DETERMINING JURISDICTION OF THIS COURT AND DETERMINING ADVERSARY TO BE CORE PROCEEDING

WILLIAM A. CLARK, Chief Judge.

This matter is before the court on the Motion of U.S. Trustee For Determination Pursuant to 28 U.S.C. Sections 157 and 1334. [Adv.Pro. # 17–1.] Pursuant to a telephone pre-trial conference held on September 8, 1998 and this court's Pretrial and Scheduling Order [Adv.Pro. # 24–1], the Defendants in this adversary were to file responses to the United States Trustee's motion by October 2, 1998. As this deadline has expired without a response filed by a Defendant, the motion of the United States Trustee ("UST") is ripe for adjudication. After reviewing the UST's motion and other documents filed in this adversary, the Court determines that it is vested with jurisdiction to hear the issues raised by the parties pursuant to 28 U.S.C. § 1334 and the standing General Order of Reference entered in this district. In addition, this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## FINDINGS OF FACT

The UST requests this court determine its jurisdiction over the issues raised in the UST's Complaint for Turnover of Funds, Assessing Penalties, Certification to District Court and For Injunctive Relief filed on April 20, 1998 against Home Owners Rescue Service (with a New Jersey address), Home Owners Rescue Service (with an Ohio address), HRS Holding Corporation and Monte Whiteted (collectively called "Defendants"). [Adv.Pro. # 1–1.] The UST alleges that the Defendants, who are not attorneys, prepared a bankruptcy petition for Debtor Connie Webb in a prior bankruptcy case. [*Id.*] The bankruptcy case was dismissed prior to the joint petition filed in the present case by the Debtors, Connie Webb and her husband, Guy Webb. [*Id.*]

The UST asserts that the Defendants violated several sections of 11 U.S.C. § 110 in connection with the preparation of Connie Webb's initial bankruptcy petition. [*Id.*] Pursuant to the sanctions proposed in § 110, the UST requests this court impose fines and disgorge fees paid to the Defendants. [*Id.*] In addition, the UST requests this court find that the Defendants' conduct is fraudulent, unfair and deceptive in violation of § 110(i) and certify the issue to the district court for further proceedings. [*Id.*] Finally, the UST requests the Defendants be enjoined from preparing future bankruptcy petitions pursuant to § 110(j) and state law concepts governing the unauthorized practice of law. [*Id.*] In its answer, the Defendants deny violations of § 110 and affirmatively state that this court lacks jurisdiction over the matter. [Answer of Defendants, Adv.Pro. # 14–1; Amended Answer of Monte Whiteted, Adv.Pro. # 25–1.]

On June 22, 1998, the UST filed its motion to determine that the court is vested with jurisdiction to hear this adversary proceeding under 28 U.S.C. §§ 157 and 1334. [Adv.Pro. # 17–1.] A due date for responses to this motion was established during a telephone pre-trial conference held on September 8, 1998 and memorialized in this court's Pretrial and Scheduling Order [Adv.Pro. # 24–1]. No response was filed by this deadline.

## CONCLUSIONS OF LAW

 Initially this court must decide if the matter falls within the district court's jurisdiction over bankruptcy matters under 28 U.S.C. § 1334. This provision grants district courts original jurisdiction to hear all civil cases "arising under title 11," or "arising in or related to a case under title 11." 28 U.S.C. § 1334(b) (1994). Under this statute, Congress grants district courts broad jurisdiction in bankruptcy cases. *Lindsey v. O'Brien, Tanski, Tanzer and Young (In re Dow Corning Corp.)*, 86 F.3d 482, 489 (6th Cir.1996). The jurisdictional requirement of § 1334 is met if the proceeding is "related to" bankruptcy and could impact a debtor's rights or liabilities or impact the administration of the estate. *Id.; Ameritrust Co., N.A. v. Opti–Gage, Inc. (In re Opti–Gage, Inc.)*, 128 B.R. 189, 195 (Bankr.S.D.Ohio 1991).

 In this case, the allegations that the Defendants violated 11 U.S.C. § 110 arises directly under title 11. In addition, any action of the court, under § 110, to impose fines or disgorge fees paid to the Defendants will effect both the Debtors' estate and the administration thereof. Thus, this adversary proceeding meets the jurisdictional requirement of § 1334.

 Once the broad jurisdictional requirement of § 1334 is met, the district court may refer the proceeding to a bankruptcy court under 28 U.S.C. § 157(a). Under this statute, a bankruptcy court may "hear and determine all cases under title 11 and all core proceedings arising under title 11 or arising in a case under title 11. . . ." 28 U.S.C. § 157(b)(1) (1994). If the matter is a core proceeding, the bankruptcy court may make a final decision in the matter, but if it is non-core, the bankruptcy court may only submit proposed findings of fact and conclusions of law to the district court. 28 U.S.C. § 157(c) (1994); *Sanders Confectionery Products v. Heller Financial, Inc.*, 973 F.2d 474, 483 (6th Cir.1992). Thus, distinguishing a core proceeding from a non-core proceeding is vital to determining the extent of a bankruptcy court's jurisdiction.

 A core proceeding is one that "arises under" title 11 or "arises in" a case under title 11. *Michigan Employment Security Comm'n v. Wolverine Radio Co., Inc. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1144 (6th Cir.1991); *Plum Run Service Corp. v. United States Dep't of Navy (In re Plum Run Service Corp.)*, 167 B.R. 460, 463 (Bankr.S.D.Ohio 1994). The phrase "arising under title 11" includes those proceedings that involve a cause of action created by or determined by a statutory provision of title 11. *Wolverine*, 930 F.2d at 1144. In addition, "arising in" proceedings include proceedings that "by their very nature, could only arise in bankruptcy cases." *Id.* Conversely, a non-core proceeding is one that does not invoke a substantive right created by federal bankruptcy law and could exist outside of bankruptcy. *Id.*

A non-exhaustive list of core proceedings is found in 28 U.S.C. § 157(b)(2). The list provided in § 157 includes a broad range of categories such as matters concerning the administration of the estate and other proceedings affecting the liquidation of the estate or the adjustment of the debtor-creditor relationship. 28 U.S.C. § 157(b)(2)(A) and (O) (1994). Proceedings involving violations of 11 U.S.C. § 110 have been found to be core proceedings under these provisions of § 157. *See In re Brokenbrough*, 197 B.R. 839, 840 (Bankr.S.D.Ohio 1996). Moreover, in cases in which the unauthorized practice of law has been alleged, bankruptcy judges have been held to have the inherent authority to regulate the unauthorized practice of law by lay persons in their courts. *See United States Trustee v. Tank (In re Stacy )*, 193 B.R. 31, 38 (Bankr.D.Or.1996); *Ross v. Smith (In re Gavin )*, 181 B.R. 814, 820 (Bankr.E.D.Pa.1995); *In re Campanella*, 207 B.R. 435, 443–44 (Bankr.E.D.Pa.1997).

 The alleged violations of 11 U.S.C. § 110 fall squarely in this Court's jurisdiction since the cause of action is created by the Bankruptcy Code and thus, "arises under" title 11. Although it is unclear from the complaint whether a separate cause of action for the unauthorized practice of law is alleged, such an action also would be a core proceeding as a bankruptcy judge has the inherent power to regulate and prevent the

**498**

unauthorized practice of law by lay persons in bankruptcy court.

At the same time, this case has a different twist from other recently reported cases involving bankruptcy petition preparers. Specifically, the Defendants are not alleged to have prepared the petition initiating this bankruptcy case. Instead, the UST's allegations arise from the preparation of a petition for Connie Webb in a prior bankruptcy case which was ultimately dismissed. Guy Webb, a debtor in this case, was not a debtor in the prior bankruptcy case involving only his wife, Connie Webb.

█ The fact that the alleged violations of § 110 by the Defendants occurred prior to the filing of the bankruptcy case is one aspect of a non-core proceeding. *See Hughes–Bechtol, Inc. v. State of Ohio (In re Hughes–Bechtol, Inc.)*, 141 B.R. 946, 948 (Bankr. S.D.Ohio 1992). However, as Congress intended to interpret core proceedings broadly, "proceedings which do not contain all the characteristics of a non-core proceeding will be determined to be core." *Id.* at 949. Another characteristic of a non-core proceeding is that the matter could continue to exist independent of the provisions of title 11. *Id.* at 948. In this case, the action against the alleged bankruptcy petition preparers, forming the core of the UST's complaint, was created by the bankruptcy code and could not exist outside of the provisions of title 11. Thus, this matter is a core-proceeding.

### CONCLUSION

This court determines that it has subject matter jurisdiction to hear this proceeding pursuant to 28 U.S.C. § 1334 and the standing General Order of Reference entered in this district. In addition, this matter is determined to be a core-proceeding under 28 U.S.C. § 157(b)(2)(A).

IT IS SO ORDERED.