**In re DAYTON TITLE AGENCY, INC. et al., Debtors.**

**Dayton Title Agency, Inc. et al., Plaintiffs,**

v.

**Philadelphia Indemnity Insurance Company, Defendant.**

**Bankruptcy No. 99–35768. Adversary No. 00–3028.**

United States Bankruptcy Court, S.D. Ohio, Western Division.

Aug. 2, 2000.

Anne M. Frayne and Sue Seeberger, Myers & Frayne Co., L.P.A., Dayton, OH, for Dayton Title Agency, Inc.

Robert B. Berner and Richard L. Ferrell, Arter & Hadden, L.L.P., Dayton, OH, for Philadelphia Indemnity Insurance Company.

## DECISION DETERMINING ADVERSARY PROCEEDING TO BE NON–CORE

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court on this court's Order Setting Hearing to Determine Core or Non–Core Status of Adversary Proceeding [Adv. Doc. # 12–1]; Defendant's Brief in Support of Non–Core Proceeding Determination [Adv. Doc. # 13–1]; and Plaintiff's Supplemental Brief Regarding Core or Non–Core Status of Adversary Proceeding [Adversary Doc. # 14–1].

On February 17, 2000, the Plaintiff–Debtor, Dayton Title Agency, Inc., et al. ("Dayton Title"), filed an adversary complaint against Defendant, Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity"), for breach of contract, breach of fiduciary duty and tortious bad faith. The claims arise from Philadelphia Indemnity's denial of coverage under an insurance policy purchased by Dayton Title pre-petition. Following the filing of the complaint, Philadelphia Indemnity filed a motion requesting that the United States District Court for the Southern District of Ohio withdraw the reference of this adversary proceeding so that a jury trial could be conducted in the district court. The appropriateness of the withdrawal of reference has been contested by Dayton Title. On June 19, 2000, this court issued an order determining that it retains the duty to determine the status of this adversary proceeding as a core or non-core matter. Recognizing that this status affects the extent of the bankruptcy court's jurisdiction and may impact the district court's determination of whether to withdraw the reference, the court set a hearing and invited the parties to file supplemental briefs. The hearing was held on July 25, 2000 at which time counsel for the parties presented arguments supporting their positions on the core or non-core status of this adversary proceeding. The following constitutes the decision of the court.

Under former 28 U.S.C. § 1471(a) and, subsequently, under 28 U.S.C. § 1334(a) and (b), Congress provided district courts with broad jurisdiction to resolve almost any issue that arises in a bankruptcy case or adversary proceeding. However, similarly broad jurisdiction granted to bankruptcy courts in the Bankruptcy Act of 1978 was voided by the United States Supreme Court in the case of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73

L.Ed.2d 598 (1982). In *Marathon*, the Supreme Court held that the Congressional grant of jurisdiction to bankruptcy courts to decide "private rights" matters, such as state breach of contract claims, was unconstitutional. 458 U.S. at 87, 102 S.Ct. 2858. In its conclusion, the Supreme Court emphasized that "... the restructuring of debtor-creditor relations, which is at the core of the federal bankruptcy power, must be distinguished from the adjudication of state-created private rights, such as the right to recover contract damages...." *Id.* at 71, 102 S.Ct. 2858.

Following *Marathon*, Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984 in which Congress attempted to conform bankruptcy court jurisdiction to the limitations enunciated by the Supreme Court. Of significant importance, Congress created a statutory distinction between core and non-core proceedings. Under 28 U.S.C. § 157(b), a bankruptcy court may determine with finality all core proceedings in a bankruptcy case.

Non-core proceedings are dealt with separately under 28 U.S.C. § 157(c). This section provides that when a case is not core, but is "otherwise related" to a case under Title 11, the bankruptcy judge may hear the proceeding, but may not finally determine the matter. 28 U.S.C. § 157(c). In these non-core "related to" matters, the bankruptcy judge's role is limited to submission of proposed findings of fact and conclusions of law to the district court which will enter any final order. *Id.*

■ With the guidelines provided in *Marathon* and 28 U.S.C. § 157, the courts of this district have identified factors distinguishing the characteristics of a core from a non-core proceeding. The first is whether the proceeding is specifically identified in the non-exhaustive list of core proceedings found in 28 U.S.C. section 157(b)(2)(A) through 157(b)(2)(O). *Robin-*

*er v. Home Owners Rescue Service (In re Webb )*, 227 B.R. 494, 497 (Bankr.S.D.Ohio 1998) (Clark, J.); *Commercial Heat Treating of Dayton, Inc. v. Atlas Industries, Inc. (In re Commercial Heat Treating of Dayton, Inc.)*, 80 B.R. 880, 887 (Bankr. S.D.Ohio 1987) (Waldron, J.). Dayton Title argues that its claims fall within the list under 28 U.S.C. § 157(b)(2)(A) for matters concerning the administration of the estate, § 157(b)(2)(E) for orders to turnover property, and § 157(b)(2)(O) for other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship.

■ First, the court will address Dayton Title's argument that the adversary proceeding falls within § 157(b)(2)(A) or § 157(b)(2)(O). These sections are worded so broadly that almost any damages action that might increase the assets of the estate could conceivably fall within their language impermissibly bypassing the *Marathon* holding. *See Commercial Heat*, 80 B.R. at 887. "[T]he elastic language in these provisions is too unstable a foundation" on which to base a determination of core or non-core. *Id.*

■ Second, Dayton Title argues that its claims of breach of contract, breach of fiduciary duty and tortious bad faith can be classified as an "order to turnover property of the estate" under 28 U.S.C. § 157(b)(2)(E). However, the words "to turnover property of the estate" are terms of art in the bankruptcy context meant to include proceedings brought pursuant to 11 U.S.C. § 542. *World Solar Corp. v. Steinbaum (In re World Solar Corp.)*, 81 B.R. 603, 608 (Bankr.S.D.Cal.1988). Section 542 deals with debts which are matured, payable on demand, or payable on order. *Id.* When, instead, an adversary proceeding presents a bona fide dispute as to liability, the matter cannot be viewed as a turnover proceeding under 28 U.S.C. § 157(b)(2)(E). *See id.*; *Nationwide Roof-*

ing & Sheet Metal, Inc. v. Cincinnati Insurance Co. (In re Nationwide Roofing & Sheet Metal, Inc.), 130 B.R. 768, 776 (Bankr.S.D.Ohio 1991) (Waldron, J.). In this case, Dayton Title's claims are disputed and are not brought pursuant to 11 U.S.C. § 542. Accordingly, the court concludes that Dayton Title's claims do not constitute an "order to turnover property of the estate" nor are the claims elsewhere enumerated in 28 U.S.C. § 157(b)(2).

 When a proceeding is not among those listed in § 157(b)(2), the court must further analyze the characteristics of the matter to determine its core or non-core status. The Sixth Circuit has described core proceedings as matters involving a cause of action created by, or determined by, a statutory provision of the Bankruptcy Code. *Michigan Employment Security Commission v. Wolverine Radio Co., Inc. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1144 (6th Cir.1991). In addition, core proceedings include those matters which, by their very nature, could only arise in bankruptcy cases. *Id.* Conversely, non-core proceedings are those that do not invoke a substantive right created by federal bankruptcy law and could exist outside of bankruptcy. *Id.* Thus, a debtor's state law claims against an insurance company for breach of contract and breach of fiduciary duty, claims which exist independently of the bankruptcy case, are non-core matters. *Nationwide Roofing*, 130 B.R. at 776.

 In this case, Dayton Title's claims against Philadelphia Indemnity include breach of contract, breach of fiduciary duty and tortious bad faith arising from the insurance company's denial of coverage. No party disputes that these claims are created by, and will be resolved by,

state law. These claims exist independently of the bankruptcy case and could be resolved in a state court absent the bankruptcy filing. Dayton Title has provided this court with no basis to conclude that the adversary proceeding involves claims created by, or determined by, federal bankruptcy law. Accordingly, the court concludes that the adversary proceeding is a non-core proceeding.[1]

Before concluding, the court notes that what makes a matter core or non-core is still unsettled leaving many capable bankruptcy courts divided. However, with the direction provided by the Sixth Circuit in *Wolverine Radio* and the factually similar case of *Nationwide Roofing*, the court concludes that the wholly state law issues presented in Dayton Title's complaint can only be construed as non-core matters.

It is so ordered.

___

1. At the hearing, both parties raised issues beyond the core / non-core nature of the proceeding including whether the reference should be withdrawn in matters that are non-core, but "related to" the bankruptcy case. This is an issue for the district court to address.