**Michael H. HOLLAND, et al., Plaintiffs,**

v.

**LTV STEEL COMPANY, INC., et al., Defendants.**

No. 4:02 mc 00067.
Bankruptcy No. 00–43866.
Adversary No. 02–4078.

United States District Court,
N.D. Ohio,
Eastern Division.

May 29, 2002.

Joyce Goldstein, Goldstein & O'Connor, Cleveland, OH, for Plaintiffs.

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the Court upon the UMWA 1992 Benefit Plan's Motion to Withdraw the Reference Pursuant to 28 U.S.C. § 157(d). (Dkt. # 1.) For the reasons that follow, the motion is hereby **DENIED.**

This action arises from the lengthy proceedings regarding the Chapter 11 bankruptcy petition filed by Defendant, LTV Steel Company ("LTV"). *See, In re: LTV Steel Company Inc., a New Jersey Corporation, et al.,* Case No.: 00–43866 (Bankr. N.D.OH.). On May 1, 2002, Plaintiffs, Trustees of the United Mine Workers of America 1992 Benefit Plan ("UMWA"), filed an adversary proceeding in said bankruptcy action seeking, *inter alia,* declaratory and injunctive relief pursuant to the Coal Industry Retiree Health Benefit Act of 1992 (the "Coal Act"), 26 U.S.C. sections 9701–9722. *See,* Adversary Proceeding No.: 02–4078 (Bankr.N.D.OH.). The adversary complaint alleges specifically that a representative of LTV issued a letter on April 26, 2002 informing the beneficiaries of LTV's individual employer health benefits plan that benefits under said plan will terminate on May 31, 2002. (Adversary Compl., ¶ 64 and Ex. 1.) The UMWA asserts that LTV and fifty (50) "related" Defendants' termination of benefits violates Section 9711 of the Coal Act. (Adversary Compl., ¶¶ 65–67.)

On May 15, 2002, the UMWA filed the instant motion asserting that a withdrawal of the reference is proper, if not mandatory, pursuant to 28 U.S.C. section 157(d) because "resolution of this matter requires consideration of both Title 11 and other federal law, namely the Coal Act." (Dkt. # 1, Memorandum in Support of the UMWA 1992 Benefits Plan's Motion to Withdraw the Reference Pursuant to 28 U.S.C. § 157(d) ("Pl.'s Memo"), p. 1). The Defendants refrained from filing an opposition to the motion.

The Bankruptcy Amendments and Federal Judgeship Act of 1984 (the "Bankruptcy Act") vests in the district courts original jurisdiction over all cases arising under Title 11 of the Bankruptcy Code, *see,* 28 U.S.C. § 1334(b), but also permits the Federal courts to refer bankruptcy cases automatically to the bankruptcy judges for the district. 28 U.S.C. § 157(a). The Bankruptcy Act provides, however, for the reference to be withdrawn in limited situations. Title 28 of the United States Code, Section 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 [11 USCS §§ 101 et seq.] and other laws of the United States regulating organizations or activities affecting interstate commerce.

■■■ This statute, which the courts have generally interpreted restrictively, contains two distinct provisions: the first sentence allows permissive withdrawal, while the second sentence requires mandatory withdrawal in certain situations. *In re Southern Indus. Mech. Corp.,* 266 B.R. 827 (W.D.Tenn.2001); *In re Vicars Ins. Agency, Inc.,* 96 F.3d 949, 952 (7th Cir. 1996). Because withdrawal of a reference is not intended to be an "escape hatch"

from bankruptcy court into district court, courts prefer to grant such relief only in a limited class of proceedings. *In re White Motor Corp.*, 42 B.R. 693 (N.D.Ohio 1984). As the moving party, the plaintiffs have the burden of proving that the reference should be withdrawn. *In re Michigan Real Estate Ins. Trust*, 87 B.R. 447 (E.D.Mich.1988); *In re Vicars*, 96 F.3d at 949.

■ Withdrawal is mandatory only when "substantial and material" consideration of non-Bankruptcy Code law "is necessary for the resolution of a case or proceeding." *In re White Motor Corp.*, 42 B.R. at 703–704. A "substantial and material consideration" involves more than mere rote application of the provisions of a federal law. *In re Federated Department Stores, Inc.*, 189 B.R. 142, 144 (S.D.Ohio 1995)(citing *In re Americana Expressways, Inc.*, 161 B.R. 707, 714–715 (D.Utah 1993)). Substantial and material consideration entails a significant interpretation of non-bankruptcy federal law. *Id.* (citing *In re American Body Armor & Equipment, Inc.*, 155 B.R. 588, 590 (M.D.Fla.1993)). *See also, In re Johns–Manville Corp.*, 63 B.R. 600, 603 (S.D.N.Y.1986)("Further, the claim must be one which requires not only application of nonBankruptcy Code federal law, but one which requires significant interpretation thereof: It would seem incompatible with congressional intent to provide a rational structure for the assertion of bankruptcy claims to withdraw each case involving the straight-forward application of a federal statute to a particular set of facts. It is issues requiring significant interpretation of federal laws that congress would have intended to have decided by a district judge rather than a bankruptcy judge."); *In re Adelphi Institute Inc.*, 112 B.R. 534, 536 (S.D.N.Y.1990); *In re Texaco Inc.*, 84 B.R. 911, 921–22 (S.D.N.Y. 1988). A distinction must be made, there-

fore, between proceedings requiring "significant interpretation" of non-bankruptcy law and those merely applying such law to the facts. If the court is only required to do the latter, then mandatory withdrawal is not warranted. *Id.* The legal questions involved need not be of "cosmic proportions," but must involve more than mere application of existing law to new facts. *In re Vicars*, 96 F.3d at 954 (internal citations omitted).

■ In the instant matter, the Coal Act requires explicitly "coverage shall continue to be provided for as long as the last signatory operator (and any related person) remains in business." 26 U.S.C. § 9711(a). Plaintiffs assert that the Defendants meet the forgoing standard as they remain "in business". (Dkt. # 1, Pl.'s Memo., p. 5.) Plaintiffs further assert:

> adjudication of the requested declaratory and injunctive relief requires the "substantial and material" interpretation of Section 9711 of the Coal Act. Defendants have asserted that under their interpretation of Section 9711, they are no longer required to provide health care to their retirees. The 1992 Plan's action, therefore, necessarily involves the interpretation of the Coal Act's requirements and withdrawal of the reference in mandatory.

(Dkt. # 1, Pl.'s Memo, p. 7.) Consequently, the prevailing legal issue to be determined in the adversary proceeding is whether the Defendants are "in business" for the purposes of Section 9711. (Dkt. # 1, Pl.'s Memo, p. 5.)

The interpretation of Section 9711(a)'s "in business" requirement is neither one of first impression among the Federal courts nor one presenting novel issues of statutory interpretation. For example, the plain terms of the statute define "in business" as including all entities "conducting or deriving revenue from any business activity,

whether or not in the coal industry." 28 U.S.C. § 9701(c)(7). Several Courts of Appeals have examined the provision and have adopted an expansive interpretation. *See, Holland v. Williams Mtn. Coal Co.,* 256 F.3d 819 (D.C.Cir.2001) (regarding "in business" in successor in interest context); *District 29, United Mine Workers of America v. United Mine Workers of America 1992 Benefit Plan,* 179 F.3d 141 (4th Cir.1999); *Lindsey Coal Mining Co. v. Chater,* 90 F.3d 688, 692 (3rd Cir. 1996)("The statutory definition of 'in business' is broad, including within its scope not only (1) an entity that 'conducts' business activity, but also (2) one who 'derives revenue' from business activity"). Moreover, the scope and meaning of the "in business" provision has been addressed in the bankruptcy context. *Lewittes v. Connors,* 159 F.3d 62 (2nd Cir.1998). Consequently, the court addressing the instant action needs only to apply the facts of the case to well-established precedent. As stated, *supra,* such application falls squarely outside of the mandatory withdrawal provisions of Section 157(d).

Therefore, it is the determination of this Court that withdrawal of this matter is not required by Section 157(d) because the trial court shall not substantially and materially consider non-bankruptcy Federal law.

■ Plaintiffs assert alternatively that should the Court deem this matter as outside of the mandatory withdrawal provision, the motion is nevertheless proper pursuant to the permissive withdrawal provision of Section 157(d). (Dkt. # 1, Pl.'s Memo, p. 8). The permissive withdrawal provision allows a district court to withdraw any proceeding "for cause shown." 28 U.S.C. § 157(d). Although "cause" is not defined in the statute, the majority of the Courts of Appeals rely on essentially the same formula for determining whether cause has been shown. These courts suggest that a district court "consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." *In re Pruitt,* 910 F.2d 1160, 1168 (3d Cir.1990) (quoting *Holland America Insurance Co. v. Succession of Roy,* 777 F.2d 992, 999 (5th Cir.1985)). *See also, Dionne v. Simmons,* 200 F.3d 738, 741 (11th Cir.2000); *In re Orion Pictures Corp.,* 4 F.3d 1095, 1101 (2d Cir. 1993), *cert. dismissed,* 511 U.S. 1026, 114 S.Ct. 1418, 128 L.Ed.2d 88 (1994). In applying this formula, the courts have acknowledged that the "cause" requirement for permissive withdrawal reflects congressional intent to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy. *See, Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec. Corp.,* 106 B.R. 367, 370 (D.Del.1989) (quoting *Allard v. Benjamin (In re DeLorean Co.),* 49 B.R. 900, 912 (Bankr.E.D.Mich.1985)).

■ The Plaintiffs' lone argument in support of this Court adjudicating this action is that "[i]f challenges to the obligations of debtors under Section 9711 are successful, the benefits of all retired miners under the Coal Act will be jeopardized" and "[a]n issue of such importance, and with such far reaching consequences, should be determined in the first instance by the district court." (Dkt. # 1, Pl.'s Memo, p. 7.) As stated previously, the Plaintiffs' argument fails to account for the well-established authority providing guidance to the Bankruptcy Court in Coal Act claims. Plaintiffs' argument similarly fails to account for the Bankruptcy Court's expertise and experience in dealing with the lengthy and evolving bankruptcy proceedings of one of the nation's largest steel

manufacturers. Such expertise is of particular primacy in the instant action where the relationship between LTV and the fifty (50) remaining Defendants is of great significance to the ultimate issue of this case, that is, whether the Defendants are "related" and "in business". Consequently, the Bankruptcy Court provides the most efficient and effective forum for resolving this dispute.

Accordingly, the Court hereby orders that the UMWA 1992 Benefit Plan's Motion to Withdraw the Reference Pursuant to 28 U.S.C. § 157(d). (Dkt. # 1) is **DENIED**.

**IT IS SO ORDERED.**