In re ENRON CORP., et al., Debtors.

Enron Power Marketing, Inc., Plaintiff,

v.

Virginia Electric and Power Co., d/b/a Dominion Virginia Power, Defendant.

No. 04 Civ. 5612(VM).

United States District Court, S.D. New York.

Dec. 15, 2004.

Michael S. Etkin, Anusia Lori Gayer, Lowenstein Sandler PC, New York City,

for Virginia Electric & Power Company dba Dominion Virginia Power.

### *DECISION AND ORDER*

MARRERO, District Judge.

Virginia Electric and Power Co., d/b/a Dominion Virginia Power ("VEPCO"), a defendant in an adversary proceeding brought by Enron Power Marketing, Inc. ("EPMI") in the United States Bankruptcy Court for the Southern District of New York, has moved this Court for an order pursuant to 28 U.S.C. § 157(d) withdrawing the reference of the proceeding to the Bankruptcy Court for the Southern District of New York (Gonzalez, J.) ("Bankruptcy Court"). The Court denies VEPCO's motion without prejudice, concluding that it is premature.

## I. *BACKGROUND*

EPMI initiated the underlying adversary proceeding via a Complaint for Declaratory Relief and for Damages dated April 5, 2004 ("Compl."). In the Complaint, EPMI alleges that VEPCO violated two separate contracts signed or amended by the parties in 1996 and 1997 as part of what is termed a "comprehensive restructuring" of the relationship between the parties. (Compl. ¶ 14.)

The relationship between the parties unraveled as EPMI, a subsidiary of Enron, neared bankruptcy. On November 28, 2001, VEPCO sent a letter to EPMI alleging that EPMI was in "material breach" of one of the contracts between the parties, an amended power purchase and operating agreement ("the Amended PPA"). The letter asserted that, as a consequence of EPMI's breach, VEPCO was "relieved from its obligations under the agreement...." VEPCO sent a second letter to EPMI on November 30, 2001, making clear that it intended to terminate the Amended PPA under Section 4.3 of the Amended PPA, which allegedly authorized either party to terminate the agreement "in the event that the other party, among other things, shall become insolvent or be unable to pay its debts as they become due." (VEPCO's Memorandum of Law in Support of Motion to Withdraw Reference ("VEPCO Mem. of Law") at 2–3.) While VEPCO claims that the termination letters were "the culmination of a long-running dispute" between the parties, the final letter was dated just two days before EPMI filed for bankruptcy on December 2, 2001. (*Id.*)

EPMI's Complaint alleges that VEPCO improperly attempted to terminate the Amended PPA without paying EPMI a termination payment required under the agreement. It asserts claims for declaratory judgment, breach of contract, unjust enrichment and/or quantum meruit, constructive trust, and conversion on the basis of the purported termination, and seeks a judicial determination that the Amended PPA remains in effect. (*See* Compl. ¶¶ 32–64.) VEPCO's Answer, dated June 14, 2004 ("Ans."), denies EPMI's substantive allegations, and asserts several affirmative defenses. One of the affirmative defenses is a claim for setoff against EPMI, in which VEPCO argues that if EPMI prevails on any of its claims, VEPCO is itself entitled to certain damages as a result of EPMI's breach of its obligations under the Amended PPI "by way of setoff against any amount owed by Virginia Power to EPMI." (Ans. at 9–10.) The Answer also demands a jury trial on all of EPMI's claims against it.

By motion dated June 21, 2004, VEPCO sought to obtain an order from this Court withdrawing the reference of the adversary proceeding to the Bankruptcy Court. The motion was made pursuant to 28 U.S.C. § 157(d), which authorizes district

courts to "withdraw, in whole or in part, any case or proceeding referred under this section [*i.e.*, the Bankruptcy Code], on its own motion or on timely motion of any party, for cause shown." In the motion, VEPCO argues that EPMI's suit against it is not a "core proceeding" in bankruptcy, as defined by 28 U.S.C. § 157(b), that EPMI's claims against it are legal rather than equitable, and that therefore it has a constitutional right to a jury trial in district court on all of EPMI's claims. EPMI argues in response that its suit against VEPCO asserts only core equitable claims that do not give rise to constitutional jury trial rights, that VEPCO's affirmative defense of setoff constitutes a claim against EPMI's bankruptcy estate that must be adjudicated in bankruptcy court, and that other factors do not support withdrawal of the reference. It also argues, in the alternative, that VEPCO's motion is premature.

## II. *DISCUSSION*

The Court concludes that VEPCO's motion is premature in two respects. First, VEPCO has failed to seek an initial determination from the Bankruptcy Court that this action is a non-core proceeding. Second, even if the Bankruptcy Court determines that the proceeding is non-core, and thus this Court concludes that VEPCO is entitled to a jury trial on its claims, the Court would still not withdraw the reference of the case to the Bankruptcy Court until the case is trial-ready.

■■■■ 28 U.S.C. § 157(b)(3) states that "[t]he bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding. . . ." Courts of this Circuit have interpreted this statute as requiring a party to seek an initial determination from the bankruptcy court concerning whether a proceeding is core or non-core before moving to withdraw the

reference in part on the grounds that the proceeding is non-core. *See, e.g., In re Formica Corp.,* 305 B.R. 147, 149 (S.D.N.Y.2004) (indicating that "any motion to withdraw would be premature until the bankruptcy court first determined whether the case was a core or non-core proceeding"); *United Illuminating Co. v. Enron Power Marketing, Inc. (In re Enron Corp.),* 03 Civ. 5078, 2003 WL 22171695 (S.D.N.Y. Sept. 22, 2003) ("Section 157(b)(3) contemplates that the bankruptcy judge will determine, in the first instance, whether a matter is core or non-core."). VEPCO has not done so here, nor has it provided any good reason why this Court should make such a determination in the first instance, notwithstanding 28 U.S.C. § 157(b)(3).

■■ Even if the Bankruptcy Court were to conclude that the proceeding is non-core and that VEPCO has a right to a jury trial in district court on EPMI's claims against it, however, this Court would not withdraw the reference at this early stage of the adversary proceeding. The question of whether withdrawal of the reference "for trial by jury, on asserted Seventh Amendment grounds, will become . . . ripe for determination if and when the case becomes trial ready." *In re Kenai Corp.,* 136 B.R. 59, 61 (S.D.N.Y.1992) (quoting *In re Adelphi Institute, Inc.,* 112 B.R. 534, 538 (S.D.N.Y.1990)). As with several other cases related to Enron's bankruptcy that have been presented to district courts on motions to withdraw the reference, the Bankruptcy Court is in a superior position to manage what are likely to be complex pretrial proceedings in this case. It has extensive familiarity with complex contracts of the type that are the subject of the dispute between the parties; discovery that may be available from EPMI; and facts and circumstances concerning the events leading up to EPMI's filing for

bankruptcy. *See Enron North America Corp. v. Media General Inc. (In re Enron Corp.)*, 04 Civ. 2527, 2004 WL 1197243 at *4 (S.D.N.Y. May 28, 2004); *In re Enron Corp.*, 2003 WL 22171695 at *2–3; *Enron Power Marketing, Inc. v. City of Santa Clara (In re Enron Power Marketing, Inc.)*, 01 Civ. 7964, 2003 WL 68036 at *10 (S.D.N.Y. Jan. 8, 2003). The Court concludes that retaining the reference of this case to the Bankruptcy Court until the case is trial-ready would further the interests of judicial economy, and that VEPCO has not demonstrated "that it will be prejudiced by having the bankruptcy court oversee pretrial matters." *In re Enron Power Marketing, Inc.*, 2003 WL 68036 at *7.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion of Virginia Electric and Power Co., d/b/a Dominion Virginia Power, to withdraw the reference of this adversary proceeding from the United States Bankruptcy Court for the Southern District of New York is hereby denied without prejudice.

The Clerk of Court is directed to close this case.

**SO ORDERED.**